IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-137-D

ISMAIL AL ISSA and NAHEEL ANSARI,       )
                                        )
                  Plaintiffs,           )
                                        )
         v.                             )     **ORDER**
                                        )
UNITED STATES DEPARTMENT OF             )
STATE, et al.,                          )
                                        )
                  Defendants.           )

On February 29, 2024, plaintiffs filed a complaint with 16 supporting exhibits. See [D.E. 1]; [D.E. 1-1 to 1-20]. On June 6, 2024, defendants filed a motion to dismiss [D.E. 7], a supporting memorandum [D.E. 8], and a supporting exhibit [D.E. 8-1]. On June 19, 2024, plaintiffs responded in opposition. See [D.E. 9]; [D.E. 9-1 to 9-4]. On June 20, 2024, plaintiffs moved for oral argument. See [D.E. 10]. On July 3, 2024, defendants responded in opposition to the motion for oral argument [D.E. 11] and filed a reply regarding the motion to dismiss [D.E. 12] with a supporting exhibit [D.E. 12-1]. On July 15, 2024, plaintiffs filed a sur-reply regarding the motion to dismiss [D.E. 13] with supporting exhibits [D.E. 13-1]. On July 18, 2024, defendants moved to strike plaintiffs' second response in opposition to the motion to dismiss as unauthorized by the Federal Rules of Civil Procedure and this court's local rules. See [D.E. 14], [D.E. 15]. On July 22, 2024, plaintiffs moved for leave to file a sur-reply and response [D.E. 16], a proposed sur-reply [D.E. 16-2], and supporting exhibit [D.E. 16-3]. On July 29, 2024, defendants responded in opposition to plaintiffs' motion for leave to file a sur-reply [D.E. 17].

Plaintiffs' reply [D.E. 13] constitutes a sur-reply. Plaintiffs did not obtain leave of court before filing this second response in opposition to defendants' motion to dismiss. Sur-replies are not authorized under the Federal Rules of Civil Procedure or Local Civil Rule 7.1. Generally they are authorized only when necessary to respond to arguments raised for the first time in the reply. Moreover, plaintiffs do not seek to respond to a new argument. Instead, they seek to respond to a new case and an exhibit cited by the defendants in their reply. See [D.E. 16] 1.

A party addresses a new case by filing a suggestion of subsequently decided controlling authority. See Local Civil Rule 7.1(h). The defense exhibit to which plaintiffs seek to respond addressed venue. Venue was not a new argument in the reply. A sur-reply on venue is unnecessary. Plaintiffs own a house in Wake County and use 2409 Silver Lake Trail, Raleigh as a mailing address [D.E. 1], [D.E. 9] 2, [D.E. 12-1], [D.E. 16-3]. Moreover, the sur-reply and supporting exhibit do not advance their argument on venue because plaintiffs cite no authority to support that a mailing address qualifies as a "domicile" for venue purposes. [D.E. 16-2] 6.

In sum, the court GRANTS defendants' motion to strike plaintiffs' unauthorized sur-reply [D.E. 14], DENIES plaintiffs' motion for leave to file a sur-reply [D.E. 16], and DENIES plaintiffs' motion for oral argument [D.E. 10].

SO ORDERED. This 5 day of September, 2024.

_____
JAMES C. DEVER III
United States District Judge